```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH VONBERG,                  :      CIVIL ACTION
          Plaintiff,              :
                                  :
          v.                      :
                                  :
CITY OF PHILADELPHIA, et al.      :
          Defendants.             :      NO. 07-3323
```

**MEMORANDUM AND ORDER**

**Fullam, Sr. J.**                                      **January 29, 2008**

The plaintiff filed suit against the City of Philadelphia and several police officers. According to the complaint, the plaintiff was sexually abused between the ages of 4 and 6 (from 1991-93). When the plaintiff was 10 years old, she told her mother of the assaults; her mother took her to the Philadelphia Sex Crimes Unit where a police officer told them that the statute of limitations had expired and that the plaintiff should "forget about it." In 2001 the plaintiff was admitted to a clinic for several weeks for psychological care and she learned from the clinic staff that the statute of limitations had not expired. The plaintiff's mother called the police again and the perpetrator was arrested and, in 2004, convicted.

The plaintiff alleges that the Philadelphia Police Department had a policy of "deep-sixing" sexual assault complaints and that she was unaware of this until the publication of a 2003 article in *The Philadelphia Inquirer*. The City has moved to dismiss the suit as barred by the statute of limitations.

The plaintiff was born on May 19, 1987, and turned 18 on May 19, 2005.  Under Pennsylvania law, as applied to federal constitutional claims, the plaintiff had to file suit by May 19, 2007 (two years after she came of age).  42 Pa. Cons. Stat. Ann. §§ 5524, 5533(b)(1).  This suit was filed on August 9, 2007, but the plaintiff argues that it was timely based upon a 2002 Pennsylvania statute that provides that an action "arising from childhood sexual abuse" may be brought within 12 years of reaching the age of 18.  42 Pa. Cons. Stat. Ann. § 5533(b)(2)(I).

Although it is questionable whether this suit against the City "aris[es] from childhood sexual abuse," I need not decide that issue, because the action is time-barred in any event.  The statute is not retroactive, and where the "cause of action accrued prior to the enactment of that amendment to the statute," suit must be brought by the age of 20, not the age of 30.  Baselice v. Franciscan Friars Assumption, 879 A.2d 270, 274 n. 1 (Pa. Super. Ct. 2005).

The plaintiff does not dispute that the cause of action must have accrued after August 27, 2002 (the effective date of the statute) for her to rely upon the extended limitation period.  She pins her argument on the 2003 newspaper article, but the Superior Court rejected a similar argument in Delaney v. Archdiocese of Philadelphia, 924 A.2d 659 (Pa. Super. Ct. 2007).  In that case, the plaintiff unsuccessfully argued that the defendants fraudulently concealed their knowledge of a long history of abuse by the priest who abused the plaintiff and that

the statute of limitations should have been tolled until he read an article in the *Inquirer* in 2005 that detailed the alleged fraudulent concealment.  In this case, the plaintiff alleges that she had no way of knowing the inner workings of the police department, and therefore no way of knowing of a possible claim against the department, until she read the 2003 article.  However, the plaintiff learned in 2001 that she had been given incorrect information and had a duty to investigate the possibility of a claim at that time.  The claim accrued before 2002, and this action is untimely.

    An order follows.